

FILED

05/04/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0153

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 21-0153

IN RE THE MARRIAGE OF:

CHRISTOPHER J. WEIGAND,

Petitioner and Appellee,

and

BRYTANY ANNE CATTANEO,

Respondent and Appellant.

FILED

MAY 04 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Appellant Brytany Anne Cattaneo moved pursuant to M. R. App. P. 22(2)(a) for relief from an Order of the Sixth Judicial District Court, Park County, denying her motion to stay that court's March 30, 2021 Findings of Fact, Conclusions of Law and Order in Cause No. DR-2018-60 until this Court resolves the present appeal.

Cattaneo filed a Notice of Appeal in this Court on April 1, 2021, and on April 2, 2021, moved the District Court for a stay pending appeal. The District Court issued its Order Denying Motion to Stay on April 5, 2021.

The District Court's denial of stay has the effect of enforcing the provisions of a Stipulated Parenting Plan and Final Decree, in which Cattaneo and Appellee Christopher J. Weigand had agreed to a parenting schedule regarding L.C.M., who is Cattaneo's daughter and Weigand's former step-daughter. The Stipulated Parenting Plan provided, in relevant part, that Cattaneo and Weigand would alternate parenting of L.C.M. from week to week. However, after Cattaneo began denying contact between Weigand and L.C.M., Weigand moved to enforce his right to parenting time. The order Cattaneo has appealed grants Weigand the relief he requested.

Cattaneo now seeks this Court's review of the District Court's denial of her motion to stay, alleging that if this matter is not stayed until this appeal is resolved, her

constitutional right to parent L.C.M. will be violated because she will be forced to allow Weigand to parent L.C.M. to the extent provided for in the Stipulated Parenting Plan. Cattaneo alleges that the District Court erred when it enforced the Stipulated Parenting Plan and that failing to stay the matter compounds this error.

In its Order denying Cattaneo's motion for stay, the District Court noted that both Cattaneo and Weigand signed the Stipulated Parenting Plan while they were represented by counsel and the Stipulated Parenting Plan was then incorporated into the Final Decree. The court further noted that Cattaneo unilaterally determined that the Final Decree was invalid and she then cut off Weigand's contact with L.C.M. in violation of the Stipulated Parenting Plan. The court concluded that it was contrary to L.C.M.'s best interest to stay the court's ruling and deny Weigand parenting time pending the outcome of this appeal. In urging this Court to overrule the District Court's denial of stay, Cattaneo offers that a stay will maintain the status quo; however, it is undisputed that this "status quo" is the result of Cattaneo's decision to cease to follow the Stipulated Parenting Plan and Final Decree.

M. R. App. P. 22(2)(a) provides that a motion for relief under this Rule must, among other factors, demonstrate good cause for the relief requested. M. R. App. P. 22(3) allows this Court, in the interests of justice, to grant, modify, or deny the relief requested. Here, we are not convinced that the interests of justice require overturning the decision of the District Court, nor has Cattaneo demonstrated good cause.

Therefore,

IT IS ORDERED that the M. R. App. P. 22(2)(a) motion of Appellant Brytany Anne Cattaneo for relief from the District Court's order is DENIED.

The Clerk is directed to provide copies of this order to all counsel of record.

DATED this 4th day of May, 2021.

_____
Chief Justice

2

_____

_____

_____

_____

Justices